IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAWNYA YOUNG | ) | No. 13-571 |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN COLVIN | ) | |

**OPINION AND ORDER**

**SYNOPSIS**

In this action, Plaintiff filed for supplemental social security income on March 4, 2010, pursuant to Title XVI of the Social Security Act. She alleged disability due to mental impairments, beginning July 2, 2009. The claims were denied initially, and upon hearing. The Appeals Council denied Plaintiff's request for review. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Defendant's Motion will be granted, and Plaintiff's denied.

**OPINION**

**I.     STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

1

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Otherwise stated, "[s]ubstantial evidence 'does not mean a large or considerable amount of evidence….'" Hartranft v. Apfel, 181 F.3d at 360 (quoting Pierce v. Underwood, 487 U.S. 552, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390. A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). In conducting its review, the court must consider "the evidentiary record as a whole…." Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).

## II. THE PARTIES' MOTIONS

In brief, Plaintiff objects to the fact that Dr. Charles Cohen, a consulting examiner of Plaintiff in 2007, also served as the VE in Plaintiff's 2011 hearing, in the case presently at issue.[1] The ALJ, in turn, gave great weight to Dr. Cohen's 2007 opinion, but rejected the opinion of Dr. Jurczak, a treating source. Plaintiff's objections rest on Dr. Cohen's alleged conflict of interest, and the ALJ's rejection of Plaintiff's treating physician. Plaintiff also objects that Dr. Cohen's VE testimony conflicts with the DOT; and that the ALJ erred in failing to arrive at a more restrictive RFC than the RFC found by a prior ALJ. Finally, Plaintiff challenges the ALJ's treatment of her credibility.

With regard to Dr. Cohen's dual role, I find no authority, and Plaintiff points to none, that would preclude a physician from performing a consultative exam in one proceeding, and then

---
[1] Plaintiff filed two prior unsuccessful claims for benefits, in 2007 and 2009.

2

testifying as a VE in a separate proceeding, years later, involving the same claimant. It is clear that due process requires an impartial ALJ, but not impartial medical examiners or vocational experts. Further, there is no evidence that Dr. Cohen or his testimony was biased or preferential. The mere fact that the testimony was consistent with or complementary to his three-year-old medical opinion does not alone raise the specter of bias. Moreover, the information supplied by a consulting examiner and a VE differ significantly. A medical examiner provides opinions regarding a claimant's functional limitations or lack thereof; a VE responds to a hypothetical posed by the ALJ, in this case based on multiple medical sources, regarding available jobs that fit that hypothetical. Thus, no conflict inheres between the two. Dr. Cohen's repeat appearance in the subject proceedings is unusual, and certainly not preferable, in that it unnecessarily raises doubts such as those raised here. Nonetheless, I find neither error nor due process concerns.

Next, I address the ALJ's treatment of Plaintiff's credibility. Contrary to Plaintiff's contention, the ALJ did not merely rely on her activities of daily living in his credibility assessment. The ALJ noted that Dr. Cohen, after an examination conduced in 2007, found that Plaintiff's reliability was very questionable, and concluded that "the main issue is motivational and perhaps malingering." Dr. Pacella, a consulting examiner, opined in 2010 that claimant had "egregiously malingered." The ALJ also noted that Dr. Jurczak, Plaintiff's treating psychiatrist, characterized Plaintiff's reported auditory hallucinations as "questionable." The ALJ further noted various chronological coincidences, conflicting representations by Plaintiff, and evidence of poor motivation to work, and observed that "the claimant's motivation in seeking treatment seems to be based on her desire to acquire disability benefits." As a result, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting affects were not credible to the extent consistent with the RFC. Ordinarily, courts defer to an ALJ's credibility

determination, because he has the opportunity at a hearing to assess the witness firsthand. Reefer v. Barnhart, 326 F.3d 376 (3d Cir. 2003). In this case, there is no reason to withhold such deference.

Next, Plaintiff asserts that the ALJ improperly relied on Dr. Cohen's 2007 opinion to reject the 2011 Mental Residual Functional Capacity Questionnaire form completed by Plaintiff's treating physician, Dr. Jurzcak. When moving on to consider the objective medical evidence, the ALJ thoroughly discussed his reasons for assigning little weight to Dr. Jurczak's assessments. Those reasons included normal mental status examinations, the 2010 opinions of consultative examiner Dr. Pacella and non-examining psychologist Dr. Tarter. The ALJ's assessment of Plaintiff's credibility, and his perception that the Plaintiff lacked the motivation to work, affected his view of the medical evidence. Indeed, the ALJ mentioned Dr. Cohen's 2007 opinion only in the context of discussing Plaintiff's credibility. Plaintiff does not contend that it is error to consider credibility alongside medical opinion evidence. Indeed, in the case of impairments supported primarily by subjective reporting, it is appropriate to take the claimant's credibility into account when assessing medical opinion evidence. See Keith v. Colvin, No. 12-1198, 2013 U.S. Dist. LEXIS 59815, at **55-56 (W.D. Pa. Apr. 26, 2013).

As regards the VE testimony, Plaintiff objects that the hypothetical included "avoid assembly line pace," yet the VE's response included "light packing jobs." Plaintiff contends that the VE's response was inconsistent with DOT 920.587-018, for "hand packager." That Title, however, describes a medium work, rather than a light work, position. Thus, it does not appear that the VE was, in fact, referring to the job of "hand packager." Moreover, an ALJ is required to elicit a reasonable explanation of an "apparent unresolved conflict." 200 SSR LEXIS 8, at **4-5 (emphasis added). The ALJ asked the VE whether his opinion was consistent with the

4

DOT, and he replied that it was. Plaintiff did not object to the opinion, or offer any evidence to contradict the opinion, at the hearing. Accordingly, assuming an inconsistency existed, it was not apparent. The ALJ did not err in seeking an explanation for such an inconsistency, or in relying on the opinion. See Leigh v. Comm'r of Soc. Sec., 496 Fed. Appx. 973 (11th Cir. 2012). Moreover, Plaintiff does not address the other types of jobs, such as night cleaner, that the VE identified.[2] That job clearly exists in significant numbers – 500,000 nationally. See Torres v. Shalala, No. 94-5492, 1995 U.S. Dist. LEXIS 7172, at **13-14 (May 22, 1995) (finding 32,000 jobs in national economy sufficient). Thus, even if the ALJ did err, any such error was harmless.

Finally, Plaintiff argues that the ALJ improperly used collateral estoppel, contrary to Pieczynski v. Barnhart, 430 F. Supp. 2d 503 (W.D. Pa. 2006). Plaintiff contends that there is evidence of mental health deterioration since the time of her prior claim, and that the ALJ thus should have issued a more restrictive RFC than that found in Plaintiff's prior ALJ proceeding. There is, however, no suggestion that the ALJ adopted a previous RFC as binding, or adopted it at all; estoppel principles are of no moment. Instead, as discussed above, he thoroughly considered and explained all of the evidence, including the most recent evidence, in arriving at his conclusions. Because his decisions were supported by substantial evidence, the RFC at which he arrived is adequately supported. Thus, I must reject Plaintiff's argument that the record mandated a more restrictive RFC than previously assigned.

## CONCLUSION

For the foregoing reasons, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

---

[2] In Boone v. Barnhart, 353 F. 3d 203 (3d Cir. 2003), to which Plaintiff cites, the claimant could not perform any of the occupations identified by the VE, and the Court was concerned about the VE's hesitant responses to the ALJ's questions. Neither of those issues are present in this case.

# ORDER

AND NOW, this 20th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED and Defendant's is GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court